Delfino **HERNANDEZ–RUIZ,** Petitioner,

v.

**UNITED STATES of America,** Respondent.

No. 02–16995.

D.C. Nos. CV–01–00647–JCC, CR–93–00580–1–JCC.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 10, 2003.

Decided Oct. 23, 2003.

Before PREGERSON, BEAM,* and PAEZ, Circuit Judges.

### MEMORANDUM**

This court lacks jurisdiction over Delfino Hernandez–Ruiz's appeal. Hernandez relies on 28 U.S.C. § 636(c)(3) in appealing Magistrate Judge Carruth's denial of his motion for writ of error *coram nobis* directly to this court. However, 28 U.S.C. § 636(c)(3) permits appeal from a judgment of a magistrate judge directly to the court of appeals only in cases "referred under paragraph (1) of this subsection." Paragraph (1), in turn, specifies that the parties may consent to allow a magistrate judge to conduct proceedings in a civil matter. 28 U.S.C. § 636(c)(1).

However, Hernandez's motion was not referred to Judge Carruth under 28 U.S.C. § 636(c)(1). Rather, Judge Carruth specified that his jurisdiction to rule on Hernandez's motion—"a step in the criminal case and not ... the beginning of a separate civil proceeding"—stemmed from Hernandez's consent to proceed before a magistrate judge in his criminal misdemeanor proceedings under 18 U.S.C. § 3401.

28 U.S.C. § 636(c)(3) deals exclusively with civil matters. It does not permit a party like Hernandez who consents to have a magistrate judge preside over his criminal misdemeanor proceedings to appeal a magistrate judge's decision directly to the court of appeals. As a result, 28 U.S.C. § 636(c)(3) does not provide a basis for direct appeal to this court in this case.[1] Hernandez should have appealed to the district court instead.[2]

Because Hernandez filed his notice of appeal in the district court, this court may remand the case to the district court for further proceedings. *See United States v. Soolook,* 987 F.2d 574, 575 (9th Cir.1993) (dismissing appeal from judgment entered by magistrate judge for lack of jurisdiction and remanding to district court for further proceedings; notices of appeal filed in the district court "were sufficient to effect appeals to that court"); Fed. R.App. P. 4(d) ("If a notice of appeal in either a civil or a criminal case is mistakenly filed in the court of appeals, the clerk of that court must note on the notice the date when it was received and send it to the district clerk. The notice is then considered filed in the district court on the date so noted.").

Accordingly, this appeal is DISMISSED for lack of jurisdiction and REMANDED to the district court for further proceedings.

---

\* The Honorable C. Arlen Beam, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Even if Magistrate Judge Carruth had jurisdiction over Hernandez's motion under 28 U.S.C. § 1651 (authorizing courts to issue necessary and appropriate writs), as Hernandez claims, 28 U.S.C. § 636(c)(3) would not permit direct appeal to this court because the parties did not consent to have Judge Carruth preside over the motion for writ of error *coram nobis* under 28 U.S.C. § 636(c)(1).

2. *See* 18 U.S.C. § 3402 ("In all cases of conviction by a United States magistrate judge an appeal of right shall lie from the judgment of the magistrate judge to a judge of the district court of the district in which the offense was committed."); Fed.R.Crim.P. 58(g)(2)(A) & (B) (party may appeal from order, conviction, or sentence entered by magistrate judge within 10 days of its entry).